UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JERMOL CHIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00350-JMS-DLP |
| | ) | |
| T.J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**

Petitioner Jermol Chin seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, § 2241 does not provide Chin an avenue for the relief he seeks, and his petition is **denied**.

**I. Standards Governing § 2241 Proceedings**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). Mr. Chin, however, challenges his sentence and seeks habeas corpus relief pursuant to 28 U.S.C. § 2241(c)(3). "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (*quoting* 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc) (*quoting In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something

more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low*, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

The Court of Appeals for the Seventh Circuit has identified three requirements to invoke the Savings Clause:

> In the wake of *Davenport*, we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

*Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

## II. Background

Mr. Chin was convicted and sentenced in the District of Maryland. *See United States v. Chin*, No. 1:06-cr-552 (D. Md. 2006) (hereinafter "Crim. dkt."). He pleaded guilty to possession of a firearm and ammunition by a convicted felon pursuant to 18 U.S.C. § 922(g). Crim. dkt. 17 (Judgment).

The Armed Career Criminal Act ("ACCA") provides that any defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or a serious drug offense (or both) is subject to a fifteen-year mandatory sentence. 18 U.S.C. § 924(e)(1). The statute defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to distribute, a controlled substance (as defined in section 102 of the

Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

On November 6, 2007, the trial court sentenced Chin to 180 months' incarceration based upon the United States Probation Office determining, and the Court finding, Chin to be an armed career criminal based upon three prior serious drug offense convictions. His three predicate prior convictions were:

> 1992 conviction for possession with intent to manufacture/distribute;
>
> 1999 conviction for possession with intent to manufacture/distribute; and
>
> 2003 conviction for manufacture/distribute/dispense.

Crim. dkt. 111. Absent that sentence enhancement, the felon-in-possession statute sets a 10–year maximum penalty. *Id.* § 924(a)(2).

Chin appealed his sentence, contending that the trial court erred in sentencing him under the ACCA based on predicate convictions that were neither admitted by him nor proven to a jury beyond a reasonable doubt. *United States v. Chin*, 316 F. App'x 290, **1 (4th Cir. 2009). On March 9, 2009, the Fourth Circuit affirmed. *Id.* Chin's petition for writ of certiorari was denied on June 15, 2009. *Chin v. United States*, 557 U.S. 913 (2009).

Chin repeatedly sought relief pursuant to 28 U.S.C. § 2255 without success. *United States v. Chin*, 385 F. App'x 315 (4th Cir. 2010); *United States v. Chin*, No. 10-7533 (4th Cir. 2011); *United States v. Chin*, No. 11-6614 (4th Cir. 2011). Of note, on January 4, 2016, Chin filed a § 2255 motion claiming that his three prior qualifying convictions no longer qualified for the ACCA enhancement pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Crim. dkt. 94. On March 11, 2019, the district court denied Chin's motion, finding that *Johnson* was not applicable to Chin's ACCA status. Crim. dkt. 111. Chin did not appeal.

On January 11, 2019, Chin filed a motion to reduce his sentence pursuant to the First Step Act, contending that his prior convictions do not qualify as predicate offenses for purposes of the ACCA. Crim. dkt. 109. This motion is still pending in the District of Maryland.

While Chin was housed at the United States Penitentiary located in Terre Haute, Indiana, he filed this petition for writ of habeas corpus. *See* dkt. 1. Chin argues, once again, that his convictions do not qualify as predicate offenses under the ACCA and adds a new theory of relief--that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 1470 (June 21, 2019). Dkt. 1. The United States filed a response in opposition to the petition and Chin declined to file a reply.

### III. Discussion

Chin seeks relief pursuant to § 2241, arguing that he is innocent of violating 18 U.S.C. § 924 because he did not serve more than a year in prison on two of his three prior state drug offenses. Dkt. 1 at p. 8-9. In addition, Chin argues that he is entitled to relief under *Rehaif* because there "exists no evidence demonstrating his knowledge of having violated the elements of § 922(g)." *Id.* at 10-11. The United States argues that this action should be dismissed because Chin's challenges to his conviction and sentence do not fit within the scope of the Savings Clause.

### 1) 18 U.S.C. § 924 Conviction

Chin does not meet the requirements of the savings clause to pursue his claim that his prior drug convictions do not qualify as predicate "serious drug offenses" under the ACCA. The ACCA defines a "serious drug offense" as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

4

*Shular v. United States*, 140 S.Ct. 779, 784 (2020) (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). The definition does not include a requirement that the defendant serve more than one year in prison for the offense. Chin is mistaken that such a requirement exists.

In addition, the Fourth Circuit and the trial court have already held that his three prior drug convictions qualify him for the ACCA enhancement. Absent new evidence or a retroactive change in substantive law, § 2255 prevents "the district court in which prisoners are held from reviewing the decisions of the district court and circuit where the prosecution occurred." *Webster,* 784 F.3d at 1149 (J. Easterbrook, *dissenting*). Chin's § 2241 petition does not rely on an intervening Supreme Court decision of statutory interpretation that is retroactive and could not have been invoked in a § 2255 motion. Chin has therefore failed to show that he is entitled to present his claims related to his § 924(e) conviction in this § 2241 petition.

### 2) *Rehaif* Claim

Chin also challenges his conviction for being a felon in possession of a firearm under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Supreme Court held in *Rehaif, id.* at 2196-97, that to be convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g), a person must know that he or she belongs to a group covered under the statute barring possession of firearms. The portion of the statute under which Chin was convicted, § 922(g)(1), applies this prohibition to anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Chin argues that his conviction is invalid under *Rehaif* because "[t]here exists no evidence demonstrating his knowledge of having violated the elements of § 922(g)." Dkt. 1 at 10-11. The United States argues that Chin is not entitled to relief under § 2241 because he cannot satisfy the third requirement to proceed under the savings clause – that the error is grave enough to result in a miscarriage of justice. Dkt. 13 at 10-13.

The Court agrees that Chin cannot show that he suffered a miscarriage of justice since no reasonable jury could have concluded that the government failed to meet its burden of proving a violation of § 922(g)(1) even after *Rehaif*. In *Rehaif*, the Supreme Court held:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif*, 139 S. Ct. at 2200. In other words, under *Rehaif*, the government's burden includes proving beyond a reasonable doubt that Chin knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Chin has not presented any evidence that he did not know of his status as a felon at the time of the offense. To the contrary, the Court has no doubt that Chin was aware of his status as a felon at the time he possessed the firearm. *See United States v. Pulliam,* 973 F.3d 775, 781 (7th Cir. 2020)*, as amended* (Sept. 8, 2020) (reviewing failure to include jury instruction regarding whether defendant knew he was a felon at the time he possessed the firearm under plain error standard).

Chin's knowing and voluntary guilty plea to violating § 922(g) included admitting to all the elements of that offense, one of which was the knowledge of his status as a convicted felon. Specifically, in his plea agreement, Chin agreed that:

> On October 9, 2006, Baltimore City Police Officers responded to a call for a man walking with an unleashed pit bull dog, carrying a gun openly as he tried to un-jam it. Officers saw the Defendant and approached him. The Defendant repeatedly refused the officers' commands to leash the dog and put his hand up. As a result, the officers drew their weapons and forced the Defendant to comply. A search of the Defendant was conducted for officer safety. At that time, a Hi-Point, model CF 380, .380 caliber semi-automatic pistol, serial number P771873, loaded with five (5) rounds of Win. 380 Auto JSP cartridges was discovered in his shorts pocket. Both the firearm and the ammunition were manufactured outside the State of

Maryland and affected both interstate and foreign commerce when recovered in Maryland on October 9, 2006. Prior to October 9, 2006, the Defendant had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, and his civil rights had not been restored following that conviction.

Crim. dkt. 31 at p. 17.

Having failed to show that a reasonable jury would have concluded that Chin was unaware of his status as a felon when he possessed the firearm at issue, he has failed to show a miscarriage of justice. Therefore, the Savings Clause precludes him from challenging his conviction under § 2241.

## IV. Conclusion

Based on the foregoing, Chin has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. Judgment dismissing this action with prejudice shall now issue. *Prevatte v. Merlak*, 865 F.3d 894, 901 (7th Cir. 2017) (holding that dismissal for failure to satisfy § 2255(e) is a dismissal with prejudice).

**IT IS SO ORDERED.**

Date: 1/26/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JERMOL CHIN
42743-037
FAIRTON - FCI
FAIRTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 420
FAIRTON, NJ 08320

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov